Araceli LOPEZ–SEVILLA, Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 05–74730.

United States Court of Appeals,
Ninth Circuit.

Submitted July 1, 2008.*

Filed July 10, 2008.

Matthew H. Adams, Northwest Immigrant Rights Project, Seattle, WA, for Petitioner.

Stephen J. Flynn, Anh–Thu P. Mai, Oil, U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, for Respondent.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Araceli Lopez–Sevilla, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We deny in part and dismiss in part the petition for review.

Lopez–Sevilla contends that the IJ violated due process by limiting testimony related to the commencement of proceedings. Contrary to Lopez–Sevilla's contention, she was not prevented from reasonably presenting her case. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). Moreover, Lopez–Sevilla failed to demonstrate that the absence of additional testimony may have affected the outcome of the proceedings. *See id.* (requiring prejudice to prevail on a due process challenge).

We lack jurisdiction to review Lopez–Sevilla's contention that the IJ violated due process by limiting hardship testimony regarding lack of employment, healthcare, and education in Mexico, and the effect of family separation, because she failed to raise this claim before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (due process challenges that are "procedural in nature" must be exhausted).

To the extent that Lopez–Sevilla challenges the government's commencement of proceedings against her, we lack jurisdiction to consider that claim. *See Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 599 (9th Cir.2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.